# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5448 | **DATE** | 8/20/2002 |
| **CASE TITLE** | Patrick Delafont et al. Vs. Karen Beckelman et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' application to proceed in forma pauperis is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | Document Number |
| | No notices required. | | |
| | Notices mailed by judge's staff. | AUG 21 2002 date docketed | 5 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK DELAFONT, et al.,           )
                                    )
           Plaintiffs,               )
                                    )
     vs.                             )     No. 02 C 5448
                                    )
KAREN BECKELMAN, et al.,             )
                                    )
           Defendants.               )

DOCKETED
AUG 2 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs brings this action against various employees of the Illinois Department of Children and Family Services (DCFS) alleging constitutional violations. Along with their complaint, plaintiffs have filed an application to proceed *in forma pauperis*. For the following reasons, plaintiffs' application to proceed *in forma pauperis* is granted.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the prescribed court fees. The application here indicates that plaintiff Stacey DeLaFont (Stacey) earns $23,426 gross income a year, and that Patrick DeLaFont (Patrick), her husband, and her three children (the remaining plaintiffs), are dependent on her for support. She states that they have less than $500 in savings and no other income or investments. On these facts plaintiff Stacey has established her inability to pay court fees.

Our inquiry does not end with a finding of indigency, however. Under section 1915 we must conduct an initial review of plaintiffs' claims and dismiss the action if we find that the action is frivolous or malicious, it fails to state a claim on which relief may be granted, or plaintiff seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does

not appear to be frivolous or malicious. In determining whether plaintiffs have stated a claim we apply the same standards as if this were a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Zimmerman v. Tribble, 266 F.3d 568, 571 (7th Cir. 2000).

The facts are taken from plaintiffs' complaint. Until the events giving rise to this lawsuit, Patrick DeLaFont lived with his wife and three children and was an employee of Cradles, Cribs, and Crayons (Cradles), a licensed day care facility. On January 5, 2001, after a mother reported that her daughter told her that "Patrick digs in my booty at naptime," Cradles' director, a mandated child abuse reporter, called in a report to the DCFS child abuse and neglect hotline. As a result of this report and the investigation that followed, DeLaFont lost his job, received an indicated finding of abuse that was registered in the State Central Register, and was forced to live outside his home for eleven months with only limited supervised contact with his children.

Plaintiffs claim that the investigation was biased, incompetent, and fraudulent. Upon appeal, the administrative law judge agreed that the investigation was fraught with error and exonerated Patrick from the findings made against him. Plaintiffs now bring this action under 42 U.S.C. 1983, alleging that defendants violated their due process rights by requiring Patrick to leave the home for eleven months (count I) and by depriving him of his career in the child care field (count II).

Parents have a substantive due process right to raise and care for their children, and children have the corresponding right to be raised and nurtured by their parents. Troxel v. Granville, 530 U.S. 57, 65-66 (2000); Prince v. Massachussetts, 321 U.S. 158 (1944). These rights are not absolute, and must be balanced against the governmental interest in preventing child abuse. Brokaw v. Mercer County, 235 F.3d 1000, 1019 (7th Cir. 2000). State

interference with the family should only occur when there is "some definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Id.* At this stage we do not have sufficient facts to determine if DCFS was justified in interfering with the DeLaFont family.

Deprivation of a protected liberty interest requires constitutionally adequate procedural due process. Fuentes v.Shevin, 407 U.S. 67, 80 (1972). The pursuit of work in one's chosen career is a protected liberty interest. Dupuy v. McDonald, 141 F.Supp.2d 1090, 1134 (N.D.Ill. 2001). Government action that charges someone with immorality, or otherwise stigmatizes him in a way that forecloses future employment opportunities, constitutes a deprivation of that liberty interest. *Id.*, *citing* Fittshur v. Village of Menomonee Falls, 32 F.3d 1401 (7th Cir. 1994). Patrick has alleged that DCFS officials directed his employer to terminate his employment and registered him with an indicated finding of child abuse, foreclosing other employment in the child care field. These allegations sufficiently state a deprivation of plaintiff's liberty interest in pursuing his career, and if true, require a determination of whether the process provided by DCFS was constitutionally sound.

Plaintiffs sue defendants in their individual capacities and, accordingly, we make a preliminary inquiry into issues of qualified immunity. As state agency actors, defendants will be immune from liability unless their conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. Berman v. Young, 291 F.3d 976, 983 (7th Cir. 2002). Put another way, qualified immunity will not protect defendants if (1) there has been a constitutional violation and (2) the constitutional right at issue was clearly established at the time of the violation. *Id.* Social workers are often entitled to qualified immunity in removal cases since the balance between a family's interests and a

state's interest in protecting children is "nebulous at best." Brokaw, 235 F.3d at 1023. On the other hand, immunity is not available if defendants' conduct was "so severe and obviously wrong" that they should have known they were violating plaintiffs' rights. *Id.* At this point we do not have enough facts to determine if qualified immunity is available to the defendants.

For the above reasons, the application to proceed *in forma pauperis* is granted.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 20, 2002.