

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5448 | DATE | 6/2/2003 |
| CASE TITLE | Patrick De La Font et al. Vs. Karen Beckelman et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendants' motions to reconsider and alter or amend the order of April 3, 2003 are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUN 03 2003 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAH courtroom deputy's initials | ED-7 FILED FOR DOCKETING 03 JUN -2 PM 2:38 Date/time received in Central Clerk's Office U.S. DISTRICT COURT | date mailed notice mailing deputy initials |

Document Number

42

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| PATRICK DE LA FONT, et al., | ) | | |
| | ) | | |
| Plaintiffs | ) | | |
| | ) | | |
| vs. | ) | No. 02 C 5448 | **DOCKETED** |
| | ) | | |
| KAREN BECKELMAN, et al., | ) | | JUN 0 3 2003 |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Patrick DeLaFont, Stacey DeLaFont, and their children Kristin DeLaFont, Kaitlyn DeLaFont and Patrick DeLaFont, Jr., brought this action against defendants, current and former employees of the Division of Child Protection (a division of the Illinois Department of Children and Family Services (DCFS)), alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. Defendants filed motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that they did not violate plaintiffs' constitutional rights and that they were entitled to qualified immunity. On April 3, 2003, we granted the motions to dismiss of defendants Donna McKenzie, Susan Cohen-Golper, Mary Ellen Eads and Linda Everette-Williams and granted in part and denied in part the motions of Karen Beckelman, Andrea Jones and Kathy Glenney. DeLaFont v. Beckelman, 2003 WL 1809463 (N.D. Ill. 2003). Defendants Beckelman, Jones and Glenney filed motions to reconsider and alter or amend the order which, for the following reasons, are denied.

## BACKGROUND

Plaintiff Patrick DeLaFont was employed at Cradles in Skokie Illinois. On January 3 or 4, 2001, Amelia B., a student assigned to Patrick's classroom, told her mother that "Patrick digs in my booty at naptime." This statement was reported to DCFS, where defendants began their investigation.

Plaintiffs allege that defendants acted together in improperly conducting the investigation into the child abuse allegations. Defendants' alleged misconduct resulted in Patrick losing his job, being entered into the State Central Register as a sex offender, and being forced to leave his home and family for approximately eleven months. Plaintiffs allege that defendants made their determinations and took preventive steps without credible evidence of any wrongdoing and without providing plaintiffs the opportunity to challenge the findings in any type of pre- or post-deprivation process.

## DISCUSSION

A motion for reconsideration is only appropriate to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments. In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978, 794 F.Supp. 261, 267 (N.D.Ill. 1992) aff'd 4 F.3d 997 (7th Cir. 1993). Defendants make three arguments as to why the April 3, 2003, order should be altered or amended. First, defendant Glenney argues that plaintiffs do not sufficiently allege her personal involvement in any deprivation. Second, defendants argue that Doe v. Heck, 2003

WL 1878783 (7th Cir. 2003), which was published after the initial order dealing with the motions to dismiss, demonstrates that they did not have notice that their alleged misconduct violated plaintiffs' civil rights. Finally, they argue that Dupuy v. McDonald, 141 F. Supp. 2d 1090 (N.D. Ill. 2001) did not provide notice that the credible evidence standard used by DCFS was violative of the Constitution.

I. Glenney's Personal Involvement

Plaintiffs cannot rely on the doctrine of *respondeat superior* to allege civil rights violations under Section 1983. *See* Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). As Glenney admits in her brief supporting this motion, plaintiffs allege in their complaint that Glenney actually reviewed the evidence against Patrick and approved the indicated finding against him, resulting in his name being entered into the Register (cplt.,¶49). They allege that she did so even though there was no credible evidence against Patrick and no evidence at all that he had abused his own children. If Glenney's review of information and approval of findings is to mean anything in the DCFS process, she must be held accountable if plaintiffs' allegations are true. Her alleged review and approval of evidence collected by her co-workers is enough to demonstrate personal involvement in the deprivation.

II. Doe

In Doe v. Heck, the Seventh Circuit held that although certain employees of the Bureau of Milwaukee Child Welfare had violated the constitutional rights of the plaintiffs, they were entitled to qualified immunity. 2003 WL 1878783. In Doe the court determined that child welfare workers were entitled to qualified immunity from claims that they (1) interrogated a

child without notifying his parents; (2) investigated parents because they used corporal punishment to discipline their children; and (3) threatened to remove children from their parents' home. 2003 WL 1878783 at *22. The court reasoned that the law was not clearly established in these areas so as to put defendants on notice that their conduct was violative of the Fourth and Fourteenth Amendments. *Id.* at *22-23.

The facts in the present case are different from those in Doe. The alleged misconduct by defendants in this case differs greatly from that in Doe. Plaintiffs allege that defendants' decisions resulted in the actual separation of Patrick from his family without any opportunity to challenge the findings against him. As we stated in the April 3, 2003, order, the caselaw prior to January 2001 established that, if true, these actions were unconstitutional.

III. Dupuy

Defendants finally argue that Dupuy could not have given defendants adequate notice because it did not explicitly hold that the credible evidence standard was unconstitutional and because it was not a final order. While Dupuy did not state that the credible evidence standard is *per se* unconstitutional, it did state that it is "when the indicated finding is disclosed to licensing agencies and present and prospective employers that the relatively low 'credible evidence' standard sinks below the level of due process." 141 F. Supp. 2d at 1136. Plaintiffs allege that the indicated finding in this case caused Patrick's name to be entered into the Register, costing him his job and future employment, even though the evidence did not reach the standard of credible evidence.

The Dupuy opinion clearly states that the motion for preliminary injunction was to be

granted and the parties were instructed to find a set of constitutionally adequate procedures. 141 F. Supp. 2d at 1141. In any case, it is not the final disposition of the case that is important, but the fact that the court clearly indicated that similar actions on the part of DCFS would be found unconstitutional. Dupuy clearly provided notice to subsequent defendants.

More importantly, we did not rely on Dupuy in reaching the decision on the motions to dismiss. The Dupuy opinion was published subsequent to the initial actions of defendants. As we stated in the April 3, 2003 order, the Seventh Circuit had previously made clear that, absent exigent circumstances, children should not be separated from their parents absent a pre-deprivation hearing. Brokaw v. Mercer County, 235 F.3d 1000, 1020 (7th Cir. 2000). Here, plaintiffs allege that Patrick was separated from his children without any process, pre- or post-deprivation, which, if true, clearly violates the rights established in this jurisdiction by cases such as Brokaw.

## CONCLUSION

For the foregoing reasons, defendants' motions to reconsider and alter or amend the order of April 3, 2003 are denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 2, 2003.