# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5448 | DATE | 9/25/2003 |
| CASE TITLE | PATRICK DE LA FONT, et al vs. KAREN BECKELMAN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to reinstate Susan Cohen-Golper as a defendant, and to amend their complaint accordingly, is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 29 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 60 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK DE LA FONT, et al.,            )
                                        )
            Plaintiffs                  )
                                        )
     vs.                                )   No. 02 C 5448
                                        )
KAREN BECKELMAN, et al.,               )
                                        )
            Defendants.                 )

DOCKETED SEP 2 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action against defendants, current and former employees of the Division of Child Protection, a division of the Illinois Department of Children and Family Services (DCFS), alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. On April 4, 2003, we entered an order dismissing the claims against four defendants, including Susan Cohen-Golper. DeLaFont v. Beckelman, 264 F. Supp. 2d 650 (N.D. Ill. 2003). Plaintiffs filed a motion pursuant to Federal Rules of Civil Procedure 20 and 21 seeking to reinstate Cohen-Golper as a defendant and to amend their complaint accordingly. For the following reasons, plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs filed their complaint following a DCFS investigation into allegations of sexual abuse made by a student about Patrick DeLaFont while he was a teacher at Cradles in Skokie, Illinois. While Patrick was eventually cleared of all charges, plaintiffs allege that the DCFS employees improperly conducted their investigation and that their misconduct resulted in Patrick losing his job, becoming registered as a sex offender and being separated from his

family for almost a year. In their initial complaint plaintiffs named seven DCFS employees as defendants. On April 4, 2003, we held that plaintiffs did not sufficiently allege the personal involvement of four of the defendants and dismissed those employees from the suit. After taking Cohen-Golper's deposition as part of discovery, plaintiffs now claim that they have discovered new evidence as to her conduct and seek to reinstate her as a defendant and amend their complaint to include these new allegations.

## DISCUSSION

Rule 21 of the federal rules allows a party to be added to the litigation "at any stage of the action and on such terms as are just." Because Rule 21 does not provide the standards to be used in determining whether such joinder is proper, we look to Rule 20, which provides that defendants may be joined "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Any alleged misconduct by Cohen-Golper must have occurred as part of the investigation into the allegations against DeLaFont, the same event that led to the claims against the other defendants.

Plaintiffs, however, fail to sufficiently state a claim for relief against Cohen-Golper. Plaintiffs seek to amend their complaint to include allegations that Cohen-Golper had the discretion to lift the safety plan, yet refused to do so. They argue that this discretion constitutes sufficient personal involvement in the DCFS policies so that her actions deprived plaintiffs of their civil rights. Plaintiffs further argue that Cohen-Golper, as a DCFS worker, is not entitled to qualified immunity for her involvement because Brokaw v. Mercer County,

235 F.3d 1000 (7th Cir. 2000), clearly established that the safety plan and banishment directive put in place against Patrick DeLaFont violated his due process rights.

Even if the complaint is amended, plaintiffs fail to allege the requisite personal involvement by Cohen-Golper. In order to state a § 1983 claim plaintiffs must allege that Cohen-Golper personally participated in the deprivation of civil rights and they may not rely on the doctrine of *respondeat superior*. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Cohen-Golper had no affirmative duty to investigate the evidence against Patrick. Instead, her job was to review the findings of the caseworkers and determine whether the safety plan was appropriate. The mere fact that she had the discretion to lift the plan, absent a duty to investigate the facts, is not enough to give rise to personal involvement in the deprivation. At best, plaintiffs allege that Cohen-Golper negligently reviewed the facts and reached the wrong conclusion, which is not enough to state a § 1983 claim. *See* Lewis v. Anderson, 308 F.3d 768, 775 (7th Cir. 2002).

Plaintiffs argue that this is beside the point and that, because she made a discretionary decision as part of the process, Cohen-Golper was part of the investigation against Patrick which resulted in the deprivation of his constitutional rights. Even if this did give rise to personal involvement, Cohen-Golper (unlike Beckelman, Jones and Glenney) is entitled to qualified immunity for her role in the investigation. Plaintiffs cannot show that any right allegedly violated by Cohen-Golper was clearly established at the time of her involvement.

While courts began to question the credible evidence standard used by DCFS in Dupuy v. McDonald, 141 F. Supp. 2d 1090, 1136 (N.D. Ill. 2001), it was not until Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 619 (7th Cir. 2002), that a court clearly stated that the

standard used by DCFS was unconstitutional. Cohen-Golper was involved in the investigation from March 2001 until December 2001, long before <u>Doyle</u> was published in August 2002. Unlike defendants Jones, Beckelman and Glenney, there was no way for Cohen-Golper to know that in doing her job she was potentially violating plaintiffs' constitutional rights.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to reinstate Susan Cohen-Golper as a defendant, and to amend their complaint accordingly, is denied.

_____<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

____Sept. 25____, 2003.