IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK DeLaFONT, et al.,     )
                                        )
        Plaintiffs,     )
                                          )
     vs.              )     No. 02 C 5448
                                          )
KAREN BECKELMAN, et al.,     )
                                          )
        Defendants.     )

## MEMORANDUM OPINION AND ORDER

Defendants have filed fifteen motions *in limine*. We rule upon them as follows:

1. The motion to bar any reference to the fact that defendants' counsel are special assistant attorneys general, or have been retained by the State of Illinois, is granted, plaintiffs having no objection.

2. The motion to bar any reference to the length of the appeal process is granted to the extent that plaintiffs seek to suggest that there was an inordinate delay or that the defendants or the state were somehow dilatory, plaintiffs having no objection. The actual dates are, however, relevant to plaintiffs' calculation of damages.

3. The motion to bar any reference to the <u>Dupuy v. McDonald</u> class action is denied. We believe a bar to be unworkable as a practical matter and possibly misleading if the parties have to keep referring to "another proceeding." We recognize, however, that the rulings in <u>Dupuy</u> should not influence the result here. We therefore adopt the neutrally-worded instruction proposed by the plaintiffs, to be given when the subject first arises. Also, we will list the name of Belinda Dupuy when we inquire whether any of the panel knows or has ever heard of various persons.

4. The motion to bar any reference to the fact that DCFS changed its procedures since the events alleged in this case is granted in part and denied in part. While we realize that an absolute bar may be inappropriate, for the reasons stated by plaintiffs, any suggestion that changes in procedure indicate that the prior procedures were defective is improper. Plaintiffs so recognize in their response to the motion.

5. The motion regarding the testimony of Emmett Murphy is denied. Mr. Murphy, a CPA, can make the indicated calculations. Tuf Racing Products v. American Suzuki Motor, 223 F.3d 585, 591 (7th Cir. 2000). He does not purport to know whether Patrick DeLaFont's mitigation is adequate. We do, however, need justification for the interest rate used.

6. The motion to bar the testimony of Dr. Jessup is denied. Dr. Jessup is a treating psychologist with specialized knowledge and considerable experience in the field. He may testify.

7. The motion to bar references to indemnification is granted, plaintiffs having no objection.

8 and 9. The motion that counsel for plaintiffs not refer to defendants' counsel as representing the "State" or the "State of Illinois" is granted. Similarly, witnesses and experts should not be described as witnesses and experts for the state. The defendants are two individuals. That is, however, no bar to eliciting that the defendants, and various witnesses, are or were employed by DCFS and acted on its behalf.

10, 11 and 13  The motions relating to discipline are denied. The discipline was the result of an internal review and was parallel to the grounds for the expungement, which the jury will know about. It does not take us very far, however, as the standards for discipline and for constitutional violations are different. The matter can perhaps best be handled by a couple

of questions to Ms. Beckelman, particularly because the discipline bears on her state of mind as a witness. And the defendants may well be entitled to a cautionary instruction.

12. The motion that all non-party witnesses be excluded from the courtroom except when testifying, is granted, except the exclusion applies only until they testify.

14. The motion to bar evidence of claimed negligence or civil rights violations is granted for the time frame prior to January 5, 2001, and after December 11, 2001.

15. The motion to bar plaintiffs' experts from testifying or rendering opinions based on materials given to them after the date of their depositions is, for now, denied. We are uncertain what defendants have in mind, and their referenced citation does not clarify that uncertainty. We recognize that a party should not be blind-sided by an expert's change of opinion based on materials reviewed after his or her report and deposition. It is common, however, for experts to attend the trial so as to anticipate cross-examination. We think this issue, if it is an issue, has to have a context it does not now have.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

_Oct. 26_, 2005.