

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PATRICK DELAFONT, et al.,     )
            Plaintiffs,    )
            )
        vs.         )    No. 02 C 5448
            )
KAREN BECKELMAN, et al.,    )
            Defendants.   )

## MEMORANDUM OPINION AND ORDER

Plaintiffs object to the taxation of costs against them. That objection is sustained.

The parties do not significantly disagree about the applicable law. A court can deny costs to a prevailing party when the losing part is truly indigent, but that prevailing party is preemptively entitled to costs and, therefore, a denial must be adequately supported. *See* O'Toole v. Kalmar, 1990 WL 141431 (N.D. IL).

Here the economic circumstances of the plaintiffs were thoroughly explored during a fairly lengthy trial. Mrs. Delafont is employed in a stable position, but her salary is exceedingly modest. Mr. Delafont is sometimes employed and sometimes not. The reasons for his sporadic employment were contested during trial – whether it is the result of a long and troubled history or due to psychological damage caused by his long enforced separation from his family. But that is beside the point. We recognize that he has considerable difficulty maintaining employment and we are not given cause to believe that will change. The result is that the family barely scrapes by and that is not likely to change. We conclude that the plaintiffs' indigency excuses payment of costs.[1]

_____ , 2006

_____
Senior District Court Judges James B. Moran

---

[1]While not bearing directly on whether taxation of costs is appropriate, the context of this case is of interest. The defendants were employees of the Department of Children and Family Services (DCFS). The costs have been paid by DCFS, not the defendants, and any awarded costs would go to DCFS. DCFS, because of the Eleventh Amendment, could not be liable in damages, but its employees could be. Plaintiffs therefore sued two employees. The jury found them not liable and, in discussing the case with members of the jury after the verdict, they made it clear that they believed that plaintiff had been grievously wronged – but by DCFS, not the employees, who were merely carrying out what they believed to be procedures required by DCFS.